IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARJORIE K. GARDNER, an individual, HOWARD A. GARDNER, an individual, and LARRY A. MATTAL, an individual, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>CHARLES J. KLEIN, as an individual and in his capacity as administrative representative of Alan Klein's estate, <br><br>　　　　Defendant. | No. CV 06-1721-MO <br><br> FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT |

**MOSMAN, J.**,

　　Having reviewed and considered all evidence, testimony, exhibits, and the argument of the respective parties' attorneys at the time of trial and at subsequent hearings, the Court hereby makes the following Findings of Fact, Conclusions of Law, and Final Judgment:

PAGE 1 FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT

## I.  June 20, 2007, Trial

At the trial on June 20, 2007, the Court made the following relevant Findings of Fact and Conclusions of Law:

1. The Court adopts the parties' Joint Statement of Stipulated Facts, filed June 13, 2007, ECF # 47.

2. The appointment of guardians and a conservator of the estate and person of Alan Klein by the Contra Costa Superior Court in 2005 constituted a determination of Alan Klein's incompetence.

3. Beginning in July 2005, and continuing through at least May 2006, the parties continued to operate the Partnership off to one side of the Partnership Agreement by joint agreement and by the necessity of doing something quickly. The Court does not find fault with the parties for doing so.

4. This course of conduct equitably tolled the two-month option window in the Partnership Agreement, paragraph 13(g) up to and including the date of trial, June 20, 2007.

5. The rights of the parties now include, as an initial matter, the rights of the limited partners within two months of today, June 20, 2007, to exercise the option contemplated in 13(g), the first main paragraph, which states:

> If the dissolution of the partnership shall have been caused by the death of the General Partner, or the adjudication of insanity or incompetency of the General Partner, the Limited Partners shall then have the option to form a new partnership and to purchase the interest of the withdrawing General Partner for an amount to be determined, at fair market value, by the successors of the deceased or incompetent General Partner. Such amount shall be comprised of the then current balance in the General Partner's Capital Account and an adjustment thereto, as determined by such successors, to reflect the General Partner's share of un-realized capital gains or losses to the partnership, which to the best determination of such successors would be realized by the partnership from the sale or trade of all or part of the partnership assets. The surviving Limited Partners shall exercise this option within a period of two months from the dissolution of the partnership. The withdrawing General Partner's interest shall, under the provisions of the paragraph be purchased in full, and in the event that one or more Limited Partners do not exercise this option to purchase in the full amount, this option shall lapse.

6. The limited partners must repay the loan that Alan Klein made to the Partnership, including interest at the same rate that was being paid to Alan Klein by the Partnership before his incompetency or death.

7. Defendant Chuck Klein does not have the right to refuse the purchase of his interest if the Limited Partners can come up with the cash.

8. In the event that the limited partners choose not to exercise the option to purchase Alan Klein's interest, then defendant has rights under section 13(g) of the Partnership Agreement, specifically:

> In the event that the surviving Limited Partners do not exercise the option set forth above, the successors of the deceased or incompetent General Partner may elect to contribute the share of the capital of this partnership owned by such former General Partner to a new partnership, if such be proposed by the surviving Limited Partners, for a capital interest, as a Limited Partner, of equivalent amount, provided, however, that such limited partnership interest in the new partnership shall be subordinated to the claims of limited partners generally in the event of a distribution on dissolution as set forth in paragraph 12 above.
>
> If the surviving Limited Partners do not exercise the option to purchase referred to above, and if the successors of the deceased or incompetent General Partner do not elect to contribute, as above described, the share of said deceased or incompetent General Partner to a new partnership, if such be proposed by the surviving Limited Partners, then the successors of the deceased or incompetent General Partner shall liquidate the assets of the partnership forthwith, as prescribed in paragraph 12 above.

9. Under Section 13(g) above, Chuck Klein has essentially two options: The option to come in as a limited partner with a voting share; or the option not to do that but to seek to liquidate the assets of the Partnership.

10. If Chuck Klein comes in as a limited partner with a voting share and a general partner for some reason cannot be named, then that Partnership option has failed an he retains the right to liquidate the assets of the Partnership.

11. The unexecuted Seventh Amendment does not have legal force and effect, nor do they specifically inform the court of the will of the parties upon the death of Alan Klein, thus, Alan Klein's interest was that of General Partner at his death, and the parties have the rights that they would have had if everyone had been operating under the agreement shortly after Alan Klein's death.

PAGE 3 FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT

## II.  September 7, 2007, Telephone Hearing

At a telephone hearing on September 7, 2007, the Court made the following relevant Findings of Fact and Conclusions of Law:

1. The equitable tolling of the two-month option period also tolls the valuation of the property.

2. The value of the property for purposes of buyout shall not be determined as of the date of death of Alan Klein.

3. There will be no 20% reduction in value of the property as proposed by plaintiffs.

## III.  November 6, 2007, Hearing

At a hearing on November 6, 2007, the Court made the following relevant Findings of Fact and Conclusions of Law:

1. The 60-day buyout period begins on November 7, 2007. In order to exercise their option under paragraph 13(g) of the Partnership Agreement, plaintiffs must purchase defendant's interest in full by January 7, 2008.

2. The parties must agree on a date upon which valuation of the Partnership assets shall be determined for purposes of determining the value of defendant Klein's share of the Partnership. This date shall be halfway between the plaintiffs' proposed date of September 26, 2006, and defendant's proposed date of July 26, 2007.

3. The value of the Partnership properties will be precisely in the middle of the two parties' proposals.

4. The parties must agree on the value of any other Partnership assets on that date, including the amount in Partnership accounts.

5. The parties must agree on the value of defendant's 38.4% share of the total value of the Partnership.

6. The parties must agree on a reduction in value in the amount of any disbursements made to the estate of Alan Klein by the Partnership after the buyout date.

PAGE 4 FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT

### IV.  Motion for Dissolution

Upon granting defendant's Motion for Dissolution, the Court made the following Findings of Fact and Conclusions of Law:

1. The parties agreed to a price for which plaintiffs may purchase defendant's interest in the Partnership of $3,644,205.09.

2. Plaintiffs failed to pay the agreed-upon purchase price for defendant's interest in the Partnership by January 7, 2008, the Court-ordered deadline.

3. Defendant Klein may take all steps necessary, including the appointment of a new general partner, to dissolve and liquidate the Partnership as provided for in paragraph 13(g) of the Partnership Agreement, quoted above.

4. Defendant may dissolve and liquidate the Partnership according to Paragraph 12 of the Partnership Agreement.

5. The Court hereby grants defendant Klein's Motion for Dissolution in its entirety.

### V.  Final Order and Judgment

It is hereby ordered and decreed that final judgment be entered in favor of defendant Klein as follows:

1. The Partnership shall be dissolved and the assets liquidated forthwith by defendant.

2. The Partnership shall engage in no further business thereafter other than that necessary to wind up the business and distribute the assets.

3. The maintenance of offices shall not be a continuation of the business for purposes of this section.

4. The proceeds from the liquidation of Partnership assets shall be divided in the following order:

    (a) The expenses of liquidation and the debts of the Partnership, other than debts owing to the Partners, shall be paid.

    (b) Such debts as are owing to the partners, including unpaid salaries, loans

PAGE 5 FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT

               and advances made to or for the benefit of the Partnership shall be paid.

      (c)     Such profits and other compensation by way of income as shall be attributable to the interest of the Limited Partners, shall be paid to the Limited Partners.

      (d)     The balance in each Limited Partner's capital contribution shall be paid to the Limited Partners.

      (e)     Such profits as shall be attributable to the interests of the General Partner shall be paid to the General Partner.

      (f)     The balance in the General Partner's capital account shall be paid to the General Partner.

      (g)     The partners shall continue to divide profits and losses during the winding up period in the same ratio as profits and losses were divided prior to dissolution.

5.     Defendant may appoint Ric Russell, operating as a Limited Liability Company, as General Partner to oversee the dissolution of the Partnership and the liquidation of the Partnership Assets.

IT IS SO ORDERED.

DATED this   12th   day of March, 2008.

                               /s/ Michael W. Mosman
                               MICHAEL W. MOSMAN
                               United States District Court